# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTRELL A. TEEN | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv−0918−JPG |
| CAPTAIN KENNEY, MASSEO, NICHOLS, and BOUJACK | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell A. Teen, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages and injunctive relief. As relevant to this suit, Plaintiff's request for injunctive relief is that the defendants "to rectify the law library procedure." (Doc. 2, p. 7). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff originally brought these claims in Case No. 17-594, filed on June 5, 2017. On August 28, 2017, the Court severed the claims into this action. (Doc. 1). As relevant to the claims present in this case, Plaintiff alleges that he was denied access to the law library from February 2016 until April 2016; June 2016 until July 2016; and between February 2017 and May 2017. (Doc. 2, p. 5). During those time period, Plaintiff submitted multiple captain complaints. He received a response from Captain Kenny, which stated "out of good faith we allow detainees to use the law library but it is up to the shift supervisor if they allow you to go or not." *Id.* Plaintiff gave copies of his request slips to Sgt. Nichols in February 2017, and in May he made complaints to Sgt. Masseo.

Plaintiff alleges that he needed law library access between January and April 2016 in order to prepare for trial. *Id.* Without such access, Plaintiff was unable to educate himself on

speedy trial violation issues, ineffective assistance of counsel issues, or due process issues. *Id.* The lack of access in June and July 2016 kept him from raising post-trial motions regarding juror bias, "non-IPI" issues and other post-conviction issues. *Id.* From February to May 2017, the denial of law library access "hindered [Plaintiff] from prosecuting his conviction." *Id.* Plaintiff complained to Boujack, but nothing was done. *Id.* Everest refused to fill out IFP forms; and in general there is minimal assistance in filing legal documents. *Id.*

Plaintiff also alleges that the showers have peeling paint and mold. (Doc. 2, p. 6). Plaintiff believes that the particles become airborne during showers and that he has inhaled them. *Id.* On one occasion, a speck got into his eye. *Id.* Plaintiff told Sgt. Nichols, but nothing was ever done. *Id.*

Plaintiff also alleges that another inmate, Arthur Munzinger, developed large boils on his neck and leg that began to spread. *Id.* Boujack looked at the infection and then put Munzinger back in the cell. *Id.* Munzinger was later given bandages and antibiotics, but he was kept in general population until May 11, 2017, when he was moved to the infirmary. *Id.* Plaintiff alleges that he should not have been exposed to these harmful conditions.

## Discussion

The Court's prior Order designated 3 claims for this case:

**Count 6** – First Amendment denial of access to the courts claim against Kenny, Masseo, Nichols, and Boujack for denying Plaintiff access to the law library and other related legal services;

**Count 9** – Unconstitutional condition of confinement claim against Nichols for subjecting Plaintiff to health risks from mold and peeling paint in the showers at the Jail;

**Count 10** – Unconstitutional conditions of confinement claim against Boujack for failing to move an inmate with a staph infection out of the general population, thereby allowing Plaintiff to be exposed to the infection.

Plaintiff's first claim arises under the First Amendment. The Seventh Circuit uses a two-part test to decide if administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

The only legal matter that Plaintiff refers to in his Complaint is his criminal case. Plaintiff has also submitted some of his captain request slips as exhibits to the Complaint, and one of them notes that Plaintiff has an attorney for his criminal case. (Doc. 2, p. 18). Plaintiff has not disputed this fact anywhere in his Complaint. Additionally, a review of the public records of St. Clair County, of which the Court may take judicial notice, *General Elec. Capital Corp. v. Lease Resolution Group*, 128 F.3d 1074, 1081 (7th Cir. 1997), reflects that Plaintiff was appointed a public defender on December 23, 2015 and that he is currently represented by

Preston K. Johnson IV. *People of the State of Illinois v. Antrell A. Teen*, 14CF0091401 (St. Clair County). Those who proceed represented by counsel are not entitled to law library access. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal cases satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative). Plaintiff's representation by counsel is a bar to his claim.

Even if it were not, Plaintiff has not adequately stated an access to courts claim. Plaintiff has not adequately alleged that he actually suffered a detriment as a result of the defendants' actions. A review of the St. Clair County website shows that post-trial motions and motions requesting post-conviction relief were filed on Plaintiff's behalf. Plaintiff states that he was kept from filing such motions, but he has not explained how the motions he would have filed, had he more law library access, are different than the motions that were actually filed. Plaintiff must actually explain the harm that he suffered, not speculate that he could have filed more motions[1] if granted more law library access or that his case would have gone differently. Plaintiff has also alleged that an officer refused to fill out his IFP form, yet Plaintiff has been granted IFP both in this case, and in the case these claims were severed from. Plaintiff would only have a claim if he could point to a case where he was both denied IFP and the case was dismissed on that ground, but he has not made this allegation and the Court's docket reflects that Plaintiff has successfully moved for IFP. For these reasons, Plaintiff has failed to state a claim in **Count 6** and this claim will be dismissed without prejudice because he has not made a plausible allegation that he actually suffered detrimental action in any court case due to Defendants' actions.

---

[1] Many courts refuse to docket motions filed pro-se while a party is represented by counsel.

Plaintiff's other claims involve alleged punishment. It is unclear what Plaintiff's status was at the time of the relevant events; he is still incarcerated at St. Clair County, yet public records show that he was convicted in June 2016. While the Eighth Amendment prohibits cruel and unusual punishment meted out against those convicted of crimes, the Due Process Clause of the Fourteenth Amendment prohibits *any* punishment against a pretrial detainee. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 19960 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). A condition of confinement imposed on a pre-trial detainee satisfies the Constitution when it is reasonably related to a legitimate and non-punitive governmental goal. *Antonelli*, 81 F.3d. at 1427-28. However, there is little practicable difference between the Eighth and Fourteenth Amendment standards, and it is not err to apply the standards interchangeably. *Smith*, 803 F.3d at 310.

**Count 9** will also be dismissed without prejudice for failure to state a claim. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind. *Id.*

With respect to the first element, not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's

6

necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Mere discomfort and inconvenience do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Here, Plaintiff complains that the shower had mold and peeling paint. He speculates that he might have inhaled the mold and paint as he showered. But Plaintiff's claim fails because he has not alleged any injury. In those cases where courts have allowed claims based on mold to proceed, the plaintiff alleged actual physical symptoms or illness that may have been caused by the mold exposure. *See, e.g.*, *Munson v. Hulick*, Case No. 10–cv–52–JPG, 2010 WL 2698279 (S.D. Ill. July 7, 2010); *Mejia v. McCann*, Case No. 08–C–4534, 2010 WL 653536 (N.D. Ill. Feb. 22, 2010); *Moran v. Rogers*, Case No. 07–cv–171, 2008 WL 2095532 at *1–5 (N.D. Ind. May 15, 2008). Plaintiff has not alleged that he actually suffered any symptoms of illness. He does allege that he got something in his eye one time, but that is not an injury—it is an frequent inconvenience of life. Plaintiff has not alleged that he suffered from any lasting detriment to his vision or eyesight, or that he was diagnosed with any respiratory problems. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir.1997). He has not done so here, and thus has no claim.

Additionally, Plaintiff's allegations of possible exposure to mold and peeling paint in the showers do not come close to describing the kind of objectively serious conditions that have been found to state a constitutional claim for cruel and unusual punishment. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces);

7

*Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, ... [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also*, *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim).

Plaintiff has not alleged that he suffered any ailment from the possible exposure to mold or paint. Plaintiff also fails to explain how often and to what degree he encountered these conditions. Whether he experienced any exposure at all to potentially disease-causing substances is speculative, and moderate exposure without any potential harm does not rise to the level of a constitutional claim. Accordingly, **Count 9** will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Count 10** fails for similar reasons. Plaintiff alleges that Boujack refused to remove an inmate who was allegedly suffering from a staph infection from his living quarters, thus exposing him to the infection. But Plaintiff does not actually allege that he suffered from such an infection or that he even had a reasonable fear that he would suffer from an injection. Without an allegation of harm, **Count 10** will also be dismissed without prejudice for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 6, 9, and 10** will be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist in support of his claims (on or before **November 22, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: October 24, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**