IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTRELL TEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0918−JPG |
| | ) | |
| KENNY, | ) | |
| MASSE, | ) | |
| NICHOLS, and | ) | |
| COOK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell A. Teen, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests compensatory damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Amended Complaint

Plaintiff originally brought these claims in case No. 17-594-JPG-SCW. They were severed into this action on August 28, 2017. (Doc. 1). The Court screened the severed claims on October 25, 2017 and dismissed the Complaint without prejudice. (Doc. 6). Plaintiff timely filed the Amended Complaint on November 22, 2017. (Doc. 8).

Plaintiff alleges that he was housed on AB block from December 2016 until November 2017, and that there is black mold growing in the shower floors. (Doc. 8, p. 6). He further alleges that there is rust and outdoor peeling paint in the showers, and that all of these particles become airborne and subject to inhalation. *Id*. As a result of these conditions, Plaintiff has suffered respiratory distress. *Id*. Plaintiff has also alleged that particles have gotten into his eye, causing pain, soreness, redness, and irritation. *Id*. Plaintiff has been denied a medical examination as to these conditions. *Id*. Plaintiff complained to Sgt. Nichols verbally and in writing. *Id.* He also submitted sick call requests that went unanswered. *Id.* Plaintiff lacks cleaning supplies to address the mold. *Id*.

Plaintiff also alleges that the roof is leaking on his block. *Id.* The dry wall is starting to fall. *Id.* Plaintiff alleges that the roof leak is breeding grounds for mold, and has increased his respiratory distress. *Id.* Plaintiff complained to Cook and Nichols about the roof leak, but nothing was ever done. *Id.* Plaintiff also requested that mold count be taken and the vents and ducts be cleaned, but his request went unanswered. *Id*.

As to Plaintiff's second claim, Plaintiff alleges that during his criminal trial, he was assigned to Mark Peebles, a state public defender from January 2016 until August 2016. (Doc. 1, p. 7). Plaintiff alleges that Peebles abandoned him and committed malpractice. *Id.* Thus, Plaintiff needed law library access to research critical issues regarding his case, but Captain Kerry allowed the staff of the St. Clair County Jail to use their discretion in allowing inmates to attend the law library. *Id.* Plaintiff alleges that Kerry's policy is contrary to the written policy of the jail, which states that each block will go to the law library once per week. (Doc. 8, p. 12).

Specifically, Plaintiff alleges that he had researched the speedy trial provisions of 725 ILCS 5/103-5 in December 2015. (Doc. 8, p. 8). When Peebles was appointed, Plaintiff told him about the speedy trial provision, and Peebles said that he would represent Plaintiff under those conditions. *Id*. But Peebles never moved to dismiss the indictment based on the speedy trial provision. *Id*. Plaintiff wrote a pro-se motion to dismiss, but received no response from the judge or from Peebles. *Id*. Because Plaintiff lacked access to adequate legal materials, he didn't know to notice the motion for a hearing. *Id*.

Additionally, Plaintiff was unable to file several other motions, including a change of venue motion, a suppression motion, and a bond reduction motion. (Doc. 8, pp. 8-9). Plaintiff also alleges that he wanted to file post-trial motions, but that without access to meaningful materials, his post-trial motion did not cover every arguable ground. (Doc. 8, p. 9). Plaintiff wanted to raise the issues of biased jurors, the use of non-IPI instructions, that the murder theory

was contrary to the evidence, and other obvious errors.  *Id.*  Plaintiff has not gotten an evidentiary hearing on any of his issues.  *Id.*  He alleges that Kerry knew that his court-appointed attorney had effectively abandoned him, but disregarded Plaintiff's complaints and refused to authorize additional law library access.  (Doc. 8, p. 7).

Plaintiff was appointed Richard Roustio as counsel in January 2017.  (Doc. 8, p. 10).  Plaintiff alleges that Roustio met with him once, and then he never saw him again.  *Id.*  Plaintiff construes this as abandonment and alleges that he did not have counsel between February 2017 and October 2017.  *Id.*  P.K. Johnson IV began representing Plaintiff in October 2017, and informed Plaintiff that legal decisions had been made without his input and consent.  *Id.*  Plaintiff alleges that Roustio was also ineffective for a number of reasons, and that if he had greater law library access, he would have been better able to raise those issues.  *Id.*  Plaintiff raised his issues to Cook, Masse, Kenny, and Nichols through captain complaints and verbally, but they refused to act.  (Doc. 8, p. 11).

Plaintiff also makes allegations that the poor law library access generally interfered with inmates' ability to bring constitutional deprivations to this Court's attention, and that a number of renovations and improvement that happened in 2017 would have happened sooner if inmates had been allowed greater law library access.  (Doc. 8, p. 13).

Finally, Plaintiff alleges that Arthur Munzinger, another pretrial detainee, was housed on AB Block with Plaintiff despite the presence of MSRA or staph-like blisters on his head, face, neck, and leg.  (Doc. 8, p. 14).  Munzinger was denied treatment for his blisters.  *Id.*  Plaintiff and other inmates submitted captain complaints regarding this situation.  *Id.*  Eventually, Sgt. Boujack, who is not named as a defendant in this action, came and examined Munzinger with protective gear.  *Id.*  Plaintiff and the other inmates did not have protective gear.  *Id.*  Plaintiff feared the virus spreading.  *Id.*

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Nichols and Cook were deliberately indifferent to the unconstitutional conditions of confinement on AB block when they ignored Plaintiff's complaints regarding mold, rust, and peeling paint in violation of the Fourteenth Amendment;
>
> **Count 2** – Nichols, Cook, Massy, and Kenny deprived Plaintiff of adequate law library access in violation of the First Amendment.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 3** – Plaintiff was exposed to a potential infection when housed with another inmate who had blisters on his exposed skin in violation of the Fourteenth Amendment.

It is unclear what Plaintiff's status was at the time of the relevant events; he is still incarcerated at St. Clair County, yet public records show that he was convicted in June 2016. While the Eighth Amendment prohibits cruel and unusual punishment meted out against those convicted of crimes, the Due Process Clause of the Fourteenth Amendment prohibits *any* punishment against a pretrial detainee. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 19960 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). A condition of confinement imposed on a pre-trial detainee satisfies the Constitution when it is reasonably related to a legitimate and non-punitive governmental goal. *Antonelli*, 81 F.3d. at 1427-28. However, there is little practicable difference between the Eighth and Fourteenth Amendment standards, and it is not err to apply the standards interchangeably. *Smith*, 803 F.3d at 310.

In **Count 1**, Plaintiff has alleged that he was exposed to unconstitutional conditions of confinement. Two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind. *Id.*

With respect to the first element, not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Mere discomfort and inconvenience do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Previously, Plaintiff alleged that he might have been exposed to particles but failed to allege he actually suffered any harm. The Amended Complaint alleges that Plaintiff suffered from respiratory distress and irritated eyes, and that he submitted sick call slips seeking treatment for his conditions. This is a sufficient allegation of harm, and Plaintiff will be allowed to proceed on his claim that he was deprived of a sufficiently hygienic and sanitary environment by being exposed to mold, rust, peeling paint, and water damage.

Plaintiff's **Count 2** alleges that Plaintiff was prejudiced in his underlying criminal matter by the lack of law library access at St. Clair County Jail. This claim arises under the First

Amendment. The Seventh Circuit uses a two-part test to decide if administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Here Plaintiff has alleged that his court-appointed attorney effectively abandoned him and that he was unable to effectively address that situation, or the errors made by his court-appointed attorney due to the inadequate law library access. Plaintiff's claim that the inadequate law-library hindered his defense of his criminal case will be allowed to proceed at the pleading stages. However, Plaintiff's broader assertions that the inmates of St. Clair County would have brought federal complaints sooner if they had greater law library access, thus improving their conditions, has no place in this lawsuit. It is speculation to say that the improvement projects that Plaintiff mentions in connection with this assertion have anything to do with lawsuits filed

7

by inmates, and there is no generalized right of access. Moreover, Plaintiff cannot bring claims on behalf of other inmates, and he has not alleged that he was prohibited from filing any meritorious civil suit that he wished to file. Plaintiff's access to courts claim is limited to his assertions regarding his criminal case.

Plaintiff's **Count 3** will be dismissed without prejudice. Plaintiff listed Boujack as a defendant in the original complaint. However, he did not list Boujack as a defendant in the case caption or in his list of defendants in the Amended Complaint. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Additionally, the statement of claim says "[w]e appreciate the response from Sgt. Boujack." (Doc. 8, p. 14). All of this suggests that Plaintiff did not intend to name Boujack as a defendant in the Amended Complaint. This leaves no defendant associated with **Count 3**. Without a defendant, Plaintiff has failed to state a claim.

Additionally, recent case law from the Seventh Circuit reiterates that pre-trial detainees are not "guarantee[d] 'foolproof protection from infection.'" *Ayoubi v. Dart*, --F. App'x --, 2018 WL 671152 (7th Cir. 2018) (quoting *Forbes v. Edgar*, 112 F.3d 262, 266-67 (7th Cir. 1997)). Plaintiff has also not alleged that he experienced an actual infection, just that he suffered from a fear of infection. Without an actual infection, it is doubtful that Plaintiff could state a claim, even if he had properly associated a defendant with this count. For all of the above reasons, the Court will dismiss **Count 3** without prejudice at this time.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. **Count 3** is **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Kenny, Masse, Nichols, and Cook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: February 23, 2018**

s/J. Phil Gilbert
**U.S. District Judge**