UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL A. TEEN,

    Plaintiff,

    v.

CAPTAIN KENNY, SGT. MASSE, SGT. NICHOLS and SGT. COOK,

    Defendants.

Case No. 17-cv-918-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 36) of Magistrate Judge Reona J. Daly. After holding an evidentiary hearing on November 6, 2018, Magistrate Judge Daly recommended that the Court grant the defendants' motion for summary judgment on Count 1 for failure to exhaust administrative remedies (Doc. 26). Plaintiff Antrell A. Teen has objected to the Report (Doc. 39), and the defendants have responded to that objection (Doc. 40).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Teen, a detainee at the St. Clair County Jail ("Jail") at all relevant times, filed this lawsuit complaining in Count 1 of the conditions of his confinement, specifically, of black mold, rust, and peeling paint in the showers and a leaking roof. Defendants Nichols and Cook, the only

defendants in Count 1, assert that Teen failed to exhaust his administrative remedies before filing this lawsuit in June 2017. They presented evidence that none of the seven Captain's complaints (the first step in the administrative appeal process) that Teen submitted before he filed this lawsuit or the thirteen Captain's complaints that he attached to the original complaint addressed the conditions asserted in Count 1. At the *Pavey* hearing held by Magistrate Judge Daly and in his briefing, Teen stated that he submitted numerous Captain's complaints before June 2017, including some that complained of the conditions set forth in Count 1. He claims he did not get responses to those grievances, which prevented him from exhausting his administrative remedies for Count 1.

Magistrate Judge Daly found Teen not credible in his testimony that he submitted Captain's complaints concerning any of the conditions alleged in Count 1. She based this finding on the lack of documentation to support Teen's testimony and Teen's poor memory of the details of his alleged submission of those Captain's complaints. Magistrate Judge Daly concluded that Teen had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) because he had not properly submitted any Captain's request regarding the conditions in Count 1 before filing this lawsuit.

Teen objects, arguing that his Captain's complaints mentioning the leaking roof were sufficient to alert the Jail to the problem and that he was prevented from pursuing his complaints further because the Jail did not respond. He further objects that the defendants did not present evidence to rebut his testimony, which he believes Magistrate Judge Daly should have therefore accepted as true. He maintains he filed Captain's complaints about the conditions in Count 1, and the he was unable to exhaust them because he received no response. In light of this

testimony, he argues that the defendants have not satisfied their summary judgment burden of showing there is no genuine issue of material fact.

Teen's objection highlights an anomaly of the process this Court uses to resolve the issue of exhaustion of administrative remedies. In *Pavey v. Conley*, 544 F.3d 739 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2008), the Court of Appeals for the Seventh Circuit instructed that, in cases where a defendant raises the defense of the plaintiff's failure to exhaust administrative remedies, the Court should conduct a hearing and decide the exhaustion question before the case moves into the merits phase. *Id.* at 742. The hearing is an evidentiary hearing at which the Court weighs the evidence and makes credibility determinations before finally deciding the exhaustion issue and, consequently, whether a claim can proceed to a decision on the merits. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). Nevertheless, the way defendants raise the failure to exhaust defense is via a summary judgment motion, which ordinarily does not permit credibility findings. *Rowlands v. United Parcel Serv.-Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018). This is surely confusing because Magistrate Judge Daly recommends a credibility finding on a motion where credibility findings are not permitted. However, what generally happens—and what has happened here—is that a summary judgment motion that presents a genuine issue of material fact *is set for an evidentiary hearing under Pavey to take evidence and decide that issue of fact.* Thus, although the defendants' motion is technically a summary judgment motion, it will be resolved after an evidentiary hearing in which Magistrate Judge Daly is free to weigh the evidence and decide that the plaintiff is not credible. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (holding judge could find plaintiff's testimony regarding exhaustion not credible).

The Court has reviewed the matter *de novo*, including the transcript of Magistrate Judge Daly's November 6, 2018, hearing, and finds that nothing Teen says in his objection causes the Court to reject Magistrate Judge Daly's well-informed determination of Teen's credibility, especially in light of her personal observation of his demeanor while he was testifying. Thus, the Court accepts Magistrate Judge Daly's finding that Teen did not submit a Captain's complaint about any of the conditions alleged in Count 1. In light of the defendants' circumstantial evidence that no such complaint was filed, the Court finds by a preponderance of the evidence that Teen failed to exhaust the remedies available to him as required by 42 U.S.C. § 1997e(a), and Nichols and Cook are entitled to judgment on Count 1. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 36);

- **OVERRULES** Teen's objection to the Report (Doc. 39);

- **GRANTS** the defendants' motion for summary judgment on Count 1 for failure to exhaust administrative remedies (Doc. 26); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: February 5, 2019**

    s/ J. Phil Gilbert
    **J. PHIL GILBERT**
    **DISTRICT JUDGE**