IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTRELL A. TEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-918-RJD |
| | ) | |
| RET. CAPTAIN WILLIAM KENNY, SGT. | ) | |
| DARRELL COOK, SGT. DAVID NICHOLS, | ) | |
| and SGT. THOMAS MESEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Antrell A. Teen brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the St. Clair County Jail. Plaintiff's complaint alleges he was exposed to unconstitutional conditions of confinement while housed on the AB block. Plaintiff also alleges he was denied adequate access to the law library that prevented him from researching critical issues regarding his criminal case. Following a threshold review of Plaintiff's complaint, he was allowed to proceed on the following claims:

    Count One:    Nichols and Cook were deliberately indifferent to the unconstitutional conditions of confinement on AB block when they ignored Plaintiff's complaints regarding mold, rust, and peeling paint in violation of the Fourteenth Amendment.

    Count Two:    Nichols, Cook, Mesey, and Kenny deprived Plaintiff of adequate law library access in violation of the First Amendment.

The Court granted summary judgment in favor of Defendants on Count One, finding Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 44). As such, Plaintiff is only proceeding on Count Two in this action.

Defendants filed a motion for summary judgment on August 22, 2019 (Doc. 68). Plaintiff filed his response on September 13, 2019 (Doc. 73)[1], and Defendants filed a reply on September 20, 2019 (Doc. 74). For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**.

## Background

*Plaintiff's Access to the St. Clair County Jail Law Library*

Plaintiff was detained at the St. Clair County Jail ("the Jail") on December 15, 2015 (*see* Doc. 69-2). At that time (and until late September 2017), the Jail had a schedule that permitted detainees weekly access to the law library based on their block assignments (Affidavit of Tammy Grime, Doc. 69-7 at ¶¶ 5, 8; *see* Doc. 69-4). Under this system, the Jail monitored access to the law library using Law Library Register Logs ("Register Logs") (Doc. 69-7 at ¶ 8; *see* Docs. 69-1 and 69-2).

The Jail's Register Logs indicate that Plaintiff used the Jail's law library on at least 25 occasions before the end of September 2017 (*see* Doc. 69-17 at 59, 92, 108, 117, 126, 138, 142, 154, 166, 177, 190, 200, 212, 294, 314, and 336, and Doc. 69-18 at 13, 25, 42, 50, 68, 96, 107, 120, and 233). At Plaintiff's deposition, however, he testified that the Register Logs merely indicate when an inmate signed up to go to the Law Library, and do not reflect actual attendance (Deposition of Antrell Teen, Doc. 69-1 at 4). Accordingly, Plaintiff testified there are a number of dates in which his name appears in the Register Log, but he did not attend the law library (*Id.* at

---

[1] In his response, Plaintiff asserts that his inadequate access to the law library prejudiced him and others from successfully filing and litigating lawsuits complaining of the conditions of confinement in the Jail. This claim will not be addressed in this Order as he made no allegation that he was prohibited from filing a meritorious civil rights lawsuit in his Complaint, and his allegation that other inmates were unable to do so was addressed and dismissed by the Court in its threshold review of Plaintiff's complaint (*see* Doc. 9).

12). Plaintiff also testified there are some instances where his name appears in the Register Log, but it is not his signature and he did not sign the Log (*Id.* at 4). In particular, Plaintiff indicated entries on June 1, 2016, July 20, 2016, August 31, 2016, September 14, 2016, September 22, 2016, January 1, 2017, January 15, 2017, February 5, 2017, February 19, 2017, March 19, 2017, May 7, 2019, May 14, 2017, May 28, 2017, June 18, 2017, and June 25, 2017 were not his signature and he did not attend the law library on those dates (*Id.* at 5, 12). Plaintiff also testified there were times when he signed up to attend the law library and either he or his block were not permitted to attend (*Id.* at 10, 13). This occurred primarily during the first half of 2017 (*Id.* at 12).

Plaintiff submitted Captain's Complaints regarding his access to the law library (*Id.* at 8). In particular, Plaintiff submitted a Captain's Complaint dated April 29, 2016, indicating he had been denied access to the library for several months (Doc. 69-8 at 2). An officer responded that Plaintiff would go to the law library on Wednesday, his assigned day (*Id.*). Defendant Captain Kenny agreed with the officer (*Id.*). Plaintiff also submitted a Captain's Complaint dated June 9, 2016, complaining he was denied access to the library on June 8, 2016 (*Id.* at 3). Plaintiff complained that his denial of access was an "ongoing issue that needs to be resolved" and he had been denied access to the library more than seven times (*Id.*). An officer responded to this Complaint indicating Plaintiff had been taken to the law library on June 9, 2016 (*Id.*). Captain Kenny responded, stating that the only time the Jail needs to let a detainee use the library is when the detainee is representing himself (*Id.*). Kenny advised that based on Plaintiff's filing status, he had an attorney and, as such, it was up to the shift supervisor if he was allowed to go (*Id.*).

Around March 2017, a kiosk was installed in the law library, and the books were removed (Doc. 69-1 at 16; Doc. 69-7 at ¶ 9). Plaintiff testified that after the kiosk was installed he was told

by Defendants Mesey, Nichols, and Cook on various occasions that he could not attend the law library because the computer system was down (Doc. 69-1 at 16). According to Plaintiff, this occurred for about six to seven months (*Id.*). Defendants assert the Register Logs indicate there were no library visits from March 1 to March 15, 2017, while the kiosk was prepared and installed in the law library (*see* Doc. 69-18 at 19-20; *see* Doc. 69-11). Defendants also explain a work order form indicates the Jail sought to have certain programs and games removed from the kiosk on March 20, 2017 (*see* Doc. 69-11). The work was completed April 26, 2017 (*see id.*). It does not appear, however, that the library was closed, or the kiosk unworkable, for this duration of time. Defendants admit the kiosk was down, and the library closed from March 24 to April 19, 2017, and from April 21 to May 1, 2017, during which time the computer system was being rebuilt (*see* Doc. 69-11; *see* Doc. 69-18 at 32-34). During the first half of 2017, Plaintiff testified he was not able to adequately access law library materials even if he was allowed to attend library due to technical issues, as the computer would breakdown after about five minutes (Doc. 69-1 at 5-6). Plaintiff submitted Captain's Complaints on March 5, April 2, and April 30, 2017 regarding his limited access to the law library (*Id.* at 16; *see* Doc. 73 at 37-39). Defendant Mesey responded to Plaintiff's April 30, 2017 Complaint, advising that Plaintiff was informed that the IT department knew about the issue with the law library computer and was working to resolve the issue (Doc. 69-1 at 17; *see* Doc. 73 at 39).

In September 2017, the jail installed a ConnectUs system on numerous kiosks in cellblocks throughout the Jail (Doc. 69-7 at ¶ 11; *see* Doc. 69-13). Plaintiff testified that from this time forward, he had adequate access to a law library (Doc. 69-1 at 7).

*Plaintiff's Access to the Courts*

Shortly after Plaintiff's detention at the Jail, public defender Mark Peebles was assigned to represent Plaintiff in his criminal case (Doc. 69-1 at 19). The Jail's Inmate Interview sheets indicate that Peebles visited Plaintiff at the Jail on at least seven occasions between his assignment to the case in late 2015 and Plaintiff's jury trial, which took place from June 20 to June 23, 2016 (*see* Doc. 69-16). Plaintiff asserts that Peebles spent a total of eight hours with him during the entirety of his representation (Affidavit of Antrell Teen, Doc. 73 at 30). Following the jury's finding of guilt, Peebles filed a post-trial motion for a new trial on behalf of Plaintiff on July 21, 2016 (*see* Doc. 69-15 at 4-6). Peebles represented Plaintiff until approximately August 2016 (Doc. 69-1 at 20). Throughout his representation, Plaintiff sent letters to the court asking that Peebles be removed from his case, and complaining of certain actions taken by Peebles, including tolling the case (*Id.*).

On July 26, 2016, Plaintiff filed a pro se motion to dismiss (*see* Doc. 69-15 at 7-8). Prior to sentencing, the Court found there may be a basis for the claim of ineffective assistance of counsel pursuant to *Krankel* and set the matter for a hearing on that issue (*see id.* at 9). The public defender's office was appointed to represent Plaintiff in that hearing on January 24, 2017 (*see id.* at 10). Plaintiff testified he did not have the information he needed to effectively raise the issue of ineffective assistance of counsel prior to trial because of the inadequate library resources at the Jail (Doc. 69-1 at 22). Following trial, Plaintiff was able to conduct research and discovered 30 issues that should have been addressed at trial and that supported his ineffective assistance of counsel argument (*Id.* at 28). Plaintiff testified Attorney Richard Roustio was initially assigned to represent him on his claim of ineffective assistance of counsel (*Id.*). While represented by

Roustio, the Court determined two issues that would be addressed at Plaintiff's hearing on the issue of ineffective assistance of counsel, both of which related to Defendant not reviewing certain discovery (Doc. 69-1 at 34; *see* Doc. 69-15 at 11-12). Plaintiff testified Roustio's representation was "not lawful" because he was not supposed to have a representative from the public defender's office on a hearing against a public defender (*Id.*).

The Court later appointed P.K. Johnson IV to represent Plaintiff on September 5, 2017[2] (*see* Doc. 69-15 at 15). Plaintiff gave Attorney Johnson his "packet" that included the 30 issues identified by Plaintiff (Doc. 69-1 at 28). Attorney Johnson advised Plaintiff that Judge Cruse had already determined which issues could be addressed at the hearing and that the 30 issues identified by Plaintiff could not be discussed (*Id.* at 29). Plaintiff also submitted his packet directly to the Court (*Id.*). Judge Cruse held Plaintiff's hearing on the claim of ineffective assistance of counsel on April 2, 2018, and took the matter under advisement (*see* Doc. 69-15 at 16). Judge Cruse issued an order finding Plaintiff's claim of ineffective assistance of counsel failed (*see* Doc. 69-15 at 17-19).

Plaintiff attests he was unrepresented during his criminal proceedings for a total of approximately 15 months, as follows: September 2016 – December 2016; January 2017 – March 2017; April 2017 – October 2017; and April 2018 – September 2018.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also*

---

[2] In the Court's Order appointing Mr. Johnson, there is no stated reason for the reassignment of counsel.

*Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Plaintiff claims Defendants denied him adequate access to a law library at the St. Clair County Jail in 2016 and 2017, which hindered his ability to conduct research prior to, and during his criminal trial, and prevented him from claiming ineffective assistance of counsel prior to his criminal trial.

It is well recognized that inmates have a right of meaningful access to courts, *see Purkey v. Marberry*, 385 F. App'x 575, 578 (7th Cir. 2010) (citing *Bounds v. Smith*, 430 U.S. 817, 822-23 (1977)) (other citation omitted), but that right is violated only when an inmate is deprived of access *and* suffers an injury as a result of the deprivation, *see id.* (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)) (other citation omitted). To establish an "actual injury," an inmate must show that an attempt to pursue non-frivolous litigation was hindered by unjustified acts or conditions caused by

the defendants. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002). "Speculative prejudice is not enough for an 'actual injury'." *Id.* (citation omitted).

At the outset, the Court finds that it cannot properly consider the numerous arguments Plaintiff makes contesting rulings in the state trial court, including the validity of his conviction and the effectiveness of his counsel, which provide the basis for his First Amendment claim. Civil rights actions are not the appropriate venue for challenging a state criminal conviction. Indeed, federal courts generally have no power to review state court orders, and they are precluded from exercising appellate jurisdiction over state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) (holding that federal district courts may not exercise appellate jurisdiction over state court decisions). Moreover, Plaintiff cannot, consistent with his conviction, assert any claim that casts doubt on the validity of that conviction. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "It is irrelevant [whether a prisoner plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Viramontes v. City of Chicago*, 840 F.3d 423, 428 (7th Cir. 2016) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). Thus, Plaintiff's assertion that his defense attorney provided inadequate representation, that he was hindered in bringing forth certain issues for his hearing on ineffective assistance of counsel, and that the Court incorrectly decided the issue of ineffective assistance of counsel are not proper insofar as they undercut Plaintiff's state

court conviction. Accordingly, these claims cannot be entertained in the context of this First Amendment civil rights action under 42 U.S.C. § 1983. *See Castaneda v. Dart*, Case No. 18-CV-3616, 2019 WL 6699189 at *6 (Dec. 9, 2019 N.D. Ill.)[3].

Moreover, Plaintiff cannot sustain a claim of denial of access to the courts with respect to his state criminal case because he was represented by counsel for both his criminal case and his claim of ineffective assistance of counsel. *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (explaining that the Seventh Circuit has found that the government must provide either access to a law library or access to counsel or other appropriate legal assistance). Indeed, the Court in *Sykes* made it clear that access to a law library is not mandated and access to the courts can be met by other means (i.e., access to counsel). *Id.* Although Plaintiff attests he was unrepresented intermittently from September 2016 to September 2018 (for a total of 15 months) following his conviction, such circumstance is belied by the record. Indeed, Plaintiff makes no indication in his deposition that he was ever unrepresented during the relevant time period (though he questioned the appropriateness of Attorney Rustio's representation). Further, the St. Clair County records indicate Plaintiff was assigned a public defender to represent him on his claim of ineffective assistance of counsel on January 24, 2017, and there is no indication that Plaintiff proceeded pro se after such appointment[4].

For these reasons, the Court finds Plaintiff had meaningful access to the Court and

---

[3] The Court recognizes the Seventh Circuit's position that there "is probably an exception to the rule of *Heck* for cases in which no route other than a damages action under section 1983 is open to the person to challenge his conviction." *Hoard v. Reddy*, 175 F.3d 531, 532 (7th Cir. 1999). However, there is no evidence in the record to establish that Defendants prevented Plaintiff from challenging his conviction. Indeed, Plaintiff, through counsel, filed a notice of appeal on May 23, 2019 (*see* Doc. 69-15 at 22-26).

[4] Notably, even if Plaintiff had elected to proceed pro se on his claim of ineffective assistance of counsel, the Seventh Circuit has held that "a defendant who declines appointed counsel and instead invokes his constitutional right to self-representation … does not have a right to access to a law library." *Sykes*, 614 F.3d at 311 (internal quotations omitted).

Defendants are entitled to summary judgment.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Ret. Captain William Kenny, Sgt. Darrell Cook, Sgt. David Nichols, and Sgt. Thomas Mesey (Doc. 68) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants Kenny, Cook, Nichols, and Mesey, and against Plaintiff.

**IT IS SO ORDERED.**

**DATED: March 10, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**