IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL TEEN,                              )
                                           )
      Plaintiff,                     )
                                           )
      v.                             )      Case No.   17-cv-918-RJD
                                           )
WILLIAM KENNY, et al.,                     )
                                           )
      Defendants.                    )

## ORDER

**DALY, Magistrate Judge:**

    This matter is before the Court on Plaintiff's Response to Judgment/Reconsider/Objections (Doc. 84), which the Court construes as a Motion to Reconsider. For the reasons set forth below, the Motion is **DENIED**.

## <u>Background</u>

    Plaintiff Antrell A. Teen filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the St. Clair County Jail.   Plaintiff's complaint alleges he was exposed to unconstitutional conditions of confinement while housed on the AB block.   Plaintiff also alleges he was denied adequate access to the law library that prevented him from researching critical issues regarding his criminal case.   Following a threshold review of Plaintiff's complaint, he was allowed to proceed on the following claims:

        Count One:    Nichols and Cook were deliberately indifferent to the unconstitutional conditions of confinement on AB block when they ignored Plaintiff's complaints regarding mold, rust, and peeling paint in violation of the Fourteenth Amendment.

        Count Two:    Nichols, Cook, Mesey, and Kenny deprived Plaintiff of adequate law library access in violation of the First Amendment.

Count One was dismissed without prejudice by an order of the Court on February 5, 2019 (Doc. 44), finding Plaintiff failed to exhaust his administrative remedies as to Count One prior to filing this lawsuit.   The Court granted summary judgment in favor of Defendants as to Count Two on the merits (*see* Doc. 82).   In the Order, the undersigned found that Plaintiff's claims that he was denied effective assistance of counsel in his state criminal case could not be entertained because it would undercut his criminal conviction.   Moreover, the Court found Plaintiff's claims that he was denied access to the courts for his criminal case could not be sustained because he was represented in both his state criminal case and during his claim for ineffective assistance of counsel in state court.

In the motion to reconsider, Plaintiff takes issue with the Court's order as to Count Two, Plaintiff's access to the courts claim.   Plaintiff asserts the Court failed to consider his assertion that his federal habeas action was dismissed as untimely because he lacked access to an adequate law library.   Plaintiff also reiterates that he was denied adequate law library access and suffered an injury.

## Legal Standard

Although Plaintiff captions his motion as a response to judgment/reconsider/objections, the Court construes it as a motion to reconsider under either Rule 59 or 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case.   *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment).   While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the

appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002).   Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).   "[M]anifest error is not demonstrated by the disappointment of the losing party.   It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).   A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal.").   Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

## Discussion

In the motion now before the Court, Plaintiff asks that its decision be reconsidered due to the Court's failure to consider that his federal habeas action was dismissed as untimely because he lacked access to an adequate law library.   Although Plaintiff's reference to this issue is sparse and not set forth in the complaint or contemplated in the screening order, the Court has reviewed the decision issued by District Judge Herndon in *Teen v. St. Clair County Jail*, 17-cv-713-DRH, and finds that Plaintiff's habeas complaint was dismissed without prejudice because Plaintiff had "not yet exhausted his state court remedies, and the ongoing adjudication of [Plaintiff's] criminal case leads the Court to conclude that it should abstain from intervening in this pending matter." Indeed, in Judge Herndon's Order, he noted that Plaintiff's petition "is premature," not delayed. Simply put, the record is devoid of any evidence that Plaintiff's habeas petition was dismissed for being out-of-time, or that he suffered any other injury due to any inadequacy with the St. Clair County library.   Accordingly, Plaintiff presents no arguments or evidence that presents any cause for reconsideration under Rules 59 or 60.

## Conclusion

Based on the foregoing, Plaintiff's Response to Judgment/Reconsider/Objections (Doc. 84), construed as a Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 2, 2020**

_s/_ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**